CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

April 25, 2024

LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SHAVIS HOLLOMAN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:24cv00188 |
| ) | |
| v. ) | **ORDER** |
| ) | |
| R. WHITE, *et al.*, ) | By:   Hon. Thomas T. Cullen |
| ) |         United States District Judge |
| Defendants. ) | |

This matter is before the court on Plaintiff Shavis Holloman's motion seeking preliminary injunctive relief (ECF No. 4) in this civil action filed under 42 U.S.C. § 1983. Having reviewed the motion, the court concludes that there is no basis for granting the requested relief and, therefore, will deny the motion.

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by a "clear showing" that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008). The party seeking relief must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd.*, 952 F.2d at 812. Without a showing that the plaintiff will suffer imminent, irreparable harm, the court cannot grant preliminary injunctive relief. *Rum Creek Coal Sales, Inc.*

*v. Caperton*, 926 F.2d 353, 360 (4th Cir. 1991). "The possibility that adequate compensatory or other corrective relief will be available at a later date . . . weighs heavily against a claim of irreparable harm." *Va. Chapter, Assoc. Gen. Contractors, Inc. v. Kreps*, 444 F. Supp. 1167, 1182 (W.D. Va. 1978) (quoting *Va. Petroleum Jobbers Ass'n. v. Fed. Power Comm'n*, 259 F.2d 921 (D.C. Cir. 1958)).

Holloman's underlying complaint alleges that he was sexually assaulted and threatened by two female employees at Red Onion State Prison from July 2021 through October 2021 and in July 2023, and that other defendants have threatened and retaliated against him in an effort to cover-up the alleged sexual assaults. (ECF No. 1.) In his motion seeking preliminary injunctive relief, Holloman states that he "fear[s] for his safety in th[e] western region," he has received "threats of retaliation," and he believes that the defendants will make his "time [of incarceration] hard, difficult, and unsafe." (ECF No. 4.) Holloman's motion does not describe the alleged threats of retaliation and does not specify how the defendants might make his time in prison hard, difficult, or unsafe. In support of his motion, Holloman also filed "additional evidence," which he claims "show[s] the retaliation the officers and administration [are] doing to [him] since making [his] sexual assault/rape claims." (ECF No. 7.) Holloman provides two grievance receipts that reflect that he complained that the "strike force" cracked his television and that he was moved out of the honor pod before he was found guilty of a then-pending disciplinary charge. (*Id.* at 2−3.)

Holloman has not demonstrated that he is likely to suffer "actual and imminent" irreparable harm in the absence of the preliminary injunction. His concerns that the defendants

will make his life "hard, difficult, and unsafe" are speculative. Further, his allegations of destroyed personal property and transfer out of the honor pod do not show irreparable harm.[1]

Based on the foregoing, Holloman's motion (ECF No. 4) is hereby **DENIED**.

The Clerk is directed to send a copy of this Order to the parties.

**ENTERED** this 25th day of April, 2024.

> /s/ *Thomas T. Cullen*
> HON. THOMAS T. CULLEN
> UNITED STATES DISTRICT JUDGE

---

[1] It is well-settled that allegations of prison officials intentionally or negligently depriving an inmate of his property do not state a due process violation "if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981). Here, Holloman has two meaningful post-deprivation remedies available to him: the inmate grievance procedure and the Virginia Tort Claims Act. *See Ballance v. Clarke*, No. 7:15cv645, 2017 WL 1169747, at *7 (W.D. Va. Mar. 28, 2017) (explaining that grievance procedures provided an adequate post-deprivation remedy); *Wadhams v. Procunier*, 772 F.2d 75, 77−78 (4th Cir. 1985) (VTCA and Virginia tort law provide adequate post-deprivation remedies for torts committed by state employees).

Moreover, it is also well-settled that a prisoner has no constitutional right to be housed in the facility of his choice, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (holding that the Constitution's Due Process Clause does not "protect a duly convicted prisoner against transfer from one institution to another within the state prison system"); *McKune v. Lile*, 536 U.S. 24, 39 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise").