CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
September 17, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SHAVIS HOLLOMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:24-cv-00188 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| R. WHITE, *et al.*, | ) | By:  Hon. Thomas T. Cullen |
| | ) |      United States District Judge |
| Defendants. | ) | |

Plaintiff Shavis Holloman, proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against several employees and former employees of Red Onion State Prison ("ROSP"). (*See generally* Compl. [ECF No. 1].) Plaintiff's claims stem from allegations that, while he was incarcerated at ROSP, two different female corrections officials forced Plaintiff to engage in sexual activities with them against his will. (*See id.* 6–16.) Now before the court is Plaintiff's motion for a preliminary injunction (ECF No. 38). For the following reasons, Plaintiff's motion will be denied.

## I.

When Plaintiff filed his complaint on March 12, 2024, he contemporaneously filed a motion for a temporary restraining order ("TRO"). (*See* ECF No. 4). In that motion, Plaintiff sought a TRO against all Defendants on the grounds that (i) he feared for his safety at ROSP and the entire Western Region of the Virginia Department of Corrections, (ii) he "received threats of retaliation by officer(s)," (iii) he "has made himself a target," and (4) Defendants were in close relationship with each other—both at ROSP and at Wallens Ridge State Prison— and "will make [Plaintiff's] time hard, difficult and unsafe." (*Id.* at 1.) After filing his motion,

Plaintiff submitted another document in support of his request for a TRO, claiming that since Plaintiff had raised sexual-assault claims, he had been given a "bogus charge" that caused him to be removed from the "honor pod" after three years of good behavior and that his television had been intentionally broken by the ROSP strike force. (*See* ECF No. 7.)

The court denied Plaintiff's motion for TRO, finding his allegations too speculative to show that he was likely to suffer actual and imminent irreparable harm in the absence of injunctive relief. (*See* ECF No. 13.) Plaintiff moved for reconsideration of the court's denial, arguing that he *was* likely to suffer actual and imminent irreparable harm and offering additional factual allegations to support his request for injunctive relief. (*See* ECF No. 17.) He claimed that he had been "threatened by two employees at Red Onion State Prison from July 2021 through October 2021" and "also was threatened by defendants in an effort to cover up the sexual assaults." (*Id.* at 3.) He reiterated his allegations that his TV had been broken and he had received a frivolous charge and further claimed that his cell had been ransacked "on numerous occasions outside of the norm." (*Id.* at 2–3.) The court denied the motion for reconsideration, finding Plaintiff's allegations about the threats too vague and speculative to justify injunctive relief. (*See* ECF No. 40.)

While Plaintiff's motion for reconsideration was pending, Plaintiff filed the instant motion for preliminary injunction (ECF No. 38). In support of this motion, he claims that an earlier threat he alluded to concerning the placement of a knife in Plaintiff's cell had come to fruition. (*See id.* at 1.) Specifically, Plaintiff represents that, on December 8, 2024, officers searched his cell "and magically found a 5- or 6-inch weapon attached to [the] vent in [his] cell." (*Id.*) Plaintiff was then placed in the restorative housing unit ("RHU") and given a

- 2 -

weapons charge despite claiming he had no knowledge that the weapon was there and that "it was clearly a set-up." (*Id.*) Plaintiff further represents that, since being placed in the RHU, unnamed "officer(s)" have given him empty trays with little to no food and denied him a shower and recreation. (*Id.*) He also states that "they" said he would be beaten, put in long-term segregation, or transferred to Wallens Ridge State Prison so that Defendant C. King can "get back" at Plaintiff. (*Id.*) Finally, Plaintiff states that "the Lt." told him his pardon would be destroyed and he would "never get out of RHU" if he did not "lay it down and do away with my issues." (*Id.*) He asks that the court order that he be transferred to a facility in another region before his situation can grow worse. (*Id.*) Plaintiff also attached a "motion of facts to establish retaliation" in support of his motion for preliminary injunction which makes clear that none of the unnamed officers involved in the alleged set-up or threats are Defendants in this action. He alleges only that one of the officers who found the weapon in Plaintiff's vent "has close ties to [Defendant] Julie Wilson." (*See* ECF No. 38-2, at 1–3.)

## II.

Federal Rule of Civil Procedure 65 permits district courts to issue preliminary injunctive relief when certain conditions are met. However, "[a] preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (citations and internal quotation marks omitted). To obtain preliminary injunctive relief, Plaintiff must clearly show that: (1) he is "likely to succeed on the merits" of his claims; (2) he is "likely to suffer irreparable harm absent preliminary relief"; (3) "the balance of the equities favors relief"; and (4) "the relief is in the public interest." *Leaders of a Beautiful Struggle v. Baltimore Police Dep't*, 2 F.4th 330, 339 (4th Cir. 2021) (citing *In re Search Warrant Issued*

*June 13, 2019*, 942 F.3d 159, 170–71 (4th Cir. 2019)). "[E]*ach* of these four factors must be satisfied to obtain preliminary injunctive relief." *Henderson for Nat'l Lab. Rels. Bd. v. Bluefield Hosp. Co., LLC*, 902 F.3d 432, 439 (4th Cir. 2018) (emphasis in original) (explaining it is "unnecessary to address all four factors when one or more had not been satisfied").

### III.

Plaintiff is not entitled to a preliminary injunction ordering his transfer to another facility because he has not shown he is likely to succeed on the merits of his First Amendment retaliation claims, he has not demonstrated irreparable harm at the hands of any of the named Defendants, and he is not entitled to the specific injunctive relief he seeks.

To warrant preliminary injunctive relief, Plaintiff must show that his constitutional claims are likely to succeed on the merits. *Henderson*, 902 F.3d at 439. But, as set forth in detail in the court's memorandum opinion granting in part and denying in part Defendants' motion to dismiss, Plaintiff has failed to make such a showing against practically any of the Defendants and none named in his motion for preliminary injunction. (*See* ECF No. 45.)

Even if Plaintiff could demonstrate likelihood of success on the merits, he must also show that he faces the irreparable harm in the absence of relief that is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. V. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991). And though Plaintiff alleges past instances of misconduct by ROSP staff, he has not offered any specific allegations showing he faces actual and imminent irreparable harm in the future. A plaintiff's non-specific assertion that the defendants have threatened him are not enough to justify injunctive relief. *See Jackson v. Robinson*, No. 7:24-CV-00147, 2024 WL 3331673, at *2 (W.D. Va. July 8, 2024) (inmate's "vague allegation of threats"

- 4 -

was not a sufficient basis to "justify court interference in matters of prison administration"); *Price v. Hubbard*, No. 7:24-CV-00495, 2024 WL 5053110, at *4 (W.D. Va. Dec. 10, 2024) (claim that defendant had overtly "threatened to assault" plaintiff and "write more false charges" was too vague to warrant a preliminary injunction); *see also Albritton v. Anderson*, No. 7:22CV00306, 2023 WL 8810809, at *1 (W.D. Va. Dec. 19, 2023) (describing allegation that plaintiff is "constantly being threatened and retaliated against with false charges" as "vague, lacking any details regarding who has threatened him, when, where, or with what charges").

Additionally, Plaintiff's motion must be denied because he has not shown entitlement to the specific injunctive relief he seeks, namely, that he be transferred to another facility. "[S]weeping intervention in the management of state prisons is rarely appropriate when exercising the equitable powers of the federal courts." *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994) (citations omitted). Indeed, "[t]he realities of running a penal institution are complex and unique to the prison environment," and "the decisions made by prison administrators in their informed discretion have been accorded 'wide-ranging deference' by the federal courts. *Wetzel v. Edwards*, 635 F.2d 283, 288 (4th Cir. 1980) (quoting *Jones v. N.C. Prisoner's Union*, 433 U.S. 119, 126 (1977)); *see also Albritton v. Anderson*, No. 7:22CV00306, 2023 WL 8810809, at *1 (W.D. Va. Dec. 19, 2023) ("Administration of state prisons, including where prisoners are housed, is left to prison administrators who are in the best position to evaluate prisoner needs, including prisoner safety; federal courts give high deference to the placement decisions of state prison officials.").

"Even where there has been a finding on the merits that unconstitutional conditions exist, federal courts should proceed cautiously and incrementally in ordering remediation so

as not to assume the role of prison administrators." *Taylor*, 34 F.3d at 269 (collecting cases). And, as a general matter, "intrusive and far-reaching federal judicial intervention in the details of prison management is justifiable only where state officials have been afforded the opportunity to correct constitutional infirmities and have abdicated their responsibility to do so." *Id.*

Here, Plaintiff's speculation about potential future harm does not satisfy the "heavy burden to justify court interference in matters of prison administration." *Jackson v. Robinson*, No. 7:24-CV-00147, 2024 WL 3331673, at *2 (W.D. Va. July 8, 2024). Thus, Plaintiff is not entitled to the preliminary injunction he seeks.

## IV.

For the foregoing reasons, Plaintiff's motion for a preliminary injunction (ECF No. 38) will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 17th day of September, 2025.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE